UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    KEVIN W. KULEK,                          Case No. 16-21030-dob
        Debtor.                                  Chapter 7 Proceeding
                                                   Hon. Daniel S. Opperman
_____/

RANDALL L. FRANK,
        Plaintiff,

v.                                                            Adversary Proceeding
                                                             Case No. 17-2001-dob

TIMOTHY J. FIFE,
        Defendant.
_____/

OPINION REGARDING DEFENDANT'S
MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927

       This Court previously granted the Motion for Summary Judgment of Defendant, Timothy Fife, because the Plaintiff had not countered Defendant's arguments to show a genuine issue of material fact. The Defendant now seeks sanctions pursuant to 28 U.S.C. § 1927 because he incurred attorney fees and costs during the discovery phase of this adversary proceeding, as well as for the preparation of the Motion for Summary Judgment and the oral arguments at the hearing on his Motion for Summary Judgment. In particular, the Defendant focuses on the lack of specific documents and evidence that Plaintiff's counsel claims he had, but never presented in response to the Defendant's Motion for Summary Judgment. The Plaintiff denies responsibility for any of the Defendant's requested attorney fees and costs both as a matter of fact and law. Because the Court concludes that Plaintiff's counsel should have realized by August 1, 2017 that he did not have the requisite documents or evidence to support a portion of his claim, the Court partially grants the Defendant's Motion for Sanctions.

1

Findings of Fact

The Plaintiff, Chapter 7 Trustee Randall Frank, started this lawsuit against the Defendant, Timothy Fife, seeking the return of two pinball machines. The Plaintiff based his lawsuit upon statements made by the Debtor who was a pinball aficionado and built, sold, and traded pinball machines for much of his life. This adversary proceeding involved two machines, a Predator Pinball Machine and an Experts of Dangerous Cabinet. As more particularly stated in this Court's findings of fact in its November 27, 2017 Opinion, the Plaintiff understood that the Debtor transferred these two games and that the Defendant had possession of the two games. This understanding was based upon the testimony of the Debtor at his first meeting of creditors and certain documents either supplied by the Debtor or obtained by Plaintiff's counsel through his investigation of the Debtor's activities. Part of this investigation involved the taking of the depositions of Defendant and others regarding these two games. Armed with this knowledge, the Plaintiff filed this adversary proceeding, the Defendant filed an answer and the parties then engaged in discovery.

Initially, the Plaintiff indicated in his Rule 26(a) Disclosures that the Debtor had previously testified at two meetings of creditors, a Rule 2004 Examination, and in state court proceedings that the two machines were loaned to the Defendant for research purposes. Also, the Plaintiff identified various categories of documents which included the Debtor's first meeting of creditors transcript, Rule 2004 Examination transcript, and a transcript of a previous state court proceeding. The Defendant then requested a copy of these papers on April 18, 2017. In turn, the Plaintiff did not produce any papers, but did provide an unsigned and unverified copy of the Plaintiff's answers to the discovery requests. Being dissatisfied with this response, Defendant's counsel requested a more specific statement in the form of an email and then procured audio recordings of the Debtor's testimony. Per Defendant's counsel's assertions, these recordings did not support the Plaintiff's

2

claims, so he contacted Plaintiff's counsel seeking further clarification. In response, on May 26, 2017, the Plaintiff served an amended and supplemental Rule 26(a) Disclosure indicating that the Plaintiff did not have the transcripts and would only rely upon the transcripts for impeachment purposes. Thereafter, as asserted by Defendant's counsel, he interviewed the Debtor and confirmed his understanding of the facts that were consistent with his client's view.

After this interview, the Defendant concluded that summary judgment was appropriate and filed a motion seeking that relief on July 18, 2017. On August 1, 2017, the Plaintiff filed a response to the Defendant's motion contesting the right of the Defendant to have summary judgment relief. Notably, the Plaintiff did not attach any documents indicating he had sworn testimony or documents supporting his theory of the case. Perhaps sensing that his case was not as strong as he would like, Plaintiff's counsel filed a motion to amend his complaint on August 17, 2017, one day prior to the hearing on the Defendant's Motion for Summary Judgment. The Court granted the Defendant's Motion for Summary Judgment.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Authorities

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Under this section, an attorney is liable solely for excessive costs related to his volatile conduct. *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997). The court need not find bad faith; the court may assess fees against an attorney for unreasonable and vexatious multiplication of litigation despite the absence of conscious impropriety. *Jones v. The Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Id.*

Analysis

Section 1927 actions do not require the Court to determine if anyone acted in bad faith, only whether an attorney has unreasonably and vexatiously multiplied litigation. Section 1927 requires the Court to step back to see if there is a stage in the proceeding where an attorney would realize that the position taken on behalf of a client unreasonably and vexatiously adds to litigation costs. The Court does not do so in a vacuum, but must consider the situation of all of the parties. In this regard, it is clear that the Plaintiff, a Chapter 7 Trustee, has a very difficult role to play. Many of the causes of actions available to a Chapter 7 Trustee are based upon the books and records of a debtor, as well as a debtor's testimony. Often, these causes of action are directed to parties that the debtor does not want to see sued, such as family members and friends. While the Bankruptcy Code arms the Trustee with strong tools to compel debtor compliance and cooperation, these tools are imperfect.

This is even more so in this case where the Debtor did not keep good books and records and has given various versions of events. The Debtor's poor bookkeeping and inconsistent statements caused in part this Court to deny a discharge to him. It is in this situation that the Chapter 7 Trustee and his counsel find themselves in connection with the investigation, initiation, and prosecution of various adversary proceedings. At very early stages, including the filing of this adversary proceeding complaint, neither the Trustee or his counsel can be faulted for relying upon preliminary investigation with the hopes that discovery would uncover additional facts supporting the Trustee's claims.

That did not happen in this case. The Defendant and Defendant's counsel skillfully

5

responded to the Trustee's complaint and aggressively pursued discovery. These efforts revealed that the Plaintiff did not have a basis for his claims such that this Court granted the Defendant's Motion for Summary Judgment. The question in this case, therefore, is when did Plaintiff's counsel realize that continuing this adversary proceeding would unreasonably and vexatiously multiply litigation.

While perhaps arbitrary, this Court concludes that August 1, 2017 is that date. Initially, Plaintiff's counsel was proper in doing his initial investigation and filing the complaint that initiated this adversary proceeding. Plaintiff's counsel also properly exchanged certain disclosures with Defendant's counsel and tried to shore up the claims made in the complaint. By the summer of 2017, when hard-pressed by Defendant's counsel to support his case, Plaintiff's counsel should have realized that the necessary facts either through documents or testimony did not exist. Plaintiff's counsel's response to the Defendant's Motion for Summary Judgment, as well as the filing of a request to amend the complaint on the eve of the hearing on the Motion for Summary Judgment all point to one conclusion: by August 1, 2017, Plaintiff's counsel realized that he did not have a case against the Defendant, but he continued.

Accordingly, the Court finds as of August 1, 2017, that Plaintiff's counsel unreasonably and vexatiously added to the litigation in this case such that he should pay the excess costs, expenses, and attorney fees reasonably incurred because of his conduct. The Court therefore partially grants the Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and directs Defendant's counsel to submit a statement of fees and costs incurred after August 1, 2017 that are believed linked to

Plaintiff's counsel's actions. After this pleading is filed, the Court will allow Plaintiff's counsel 21 days to respond to the request for sanctions and then allow Defendant's counsel 7 days to reply.[1]

---

[1] Plaintiff's counsel raises two procedural issues worth noting. The first is that if the factual record was so devoid as argued by the Defendant, then the Defendant should have filed a motion to dismiss earlier. This argument is not persuasive because the lack of facts was not known by the Defendant until after discovery completed and the Plaintiff failed to support his case. The Court cannot see how this argument aids the Plaintiff's counsel, especially when the Court has concluded that August 1, 2017 is the beginning date to measure costs. The second argument is that Defendant's counsel did not contact him for concurrence of the relief requested. In actions for sanctions, this Court assumes counsel will not concur and therefore will not require counsel to do a useless act. Moreover, Plaintiff's counsel had ample opportunity to concur after the Defendant filed his motion, but did not do so.

7

17-02001-dob    Doc 57    Filed 04/02/18    Entered 04/02/18 14:48:14    Page 7 of 8

Counsel for the Defendant is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**
**Signed on April 02, 2018**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**

8

17-02001-dob    Doc 57    Filed 04/02/18    Entered 04/02/18 14:48:14    Page 8 of 8