UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY


IN RE:

                                          Case No. 16-21030-dob

      KEVIN KULEK,                    Chapter 7 Proceeding

          Debtor.                    Hon. Daniel S. Opperman

_____/

RANDALL L. FRANK, TRUSTEE,

      Plaintiff,


v.                                     Adversary Proceeding

                                     Case No. 17-2001-dob

TIMOTHY J. FIFE,

      Defendant.

_____/


<u>OPINION AWARDING DEFENDANT FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927</u>

<u>Introduction</u>

The remaining issue in this adversary proceeding is the amount of fees and costs that should be assessed against Plaintiff's counsel under 28 U.S.C. § 1927. The Defendant requests up to $31,905.00 in fees and $73.52 in costs; the Plaintiff believes the amount should be $1,296.00. For the reasons detailed in this Opinion, the Court awards $8,152.00 in fees and $73.52 in costs.

<u>Findings of Fact</u>

A.      Procedural Background

This Court issued an Opinion Regarding Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 on April 2, 2018 and directed the Defendant "to submit a statement of fees and costs incurred after August 1, 2017 that are believed linked to Plaintiff's counsel's actions." The Defendant timely filed this statement, but Plaintiff's counsel filed an appeal of the April 2, 2018 Opinion and subsequent Order. On January 14, 2019, the United States District Court for the Eastern District of Michigan ("District Court") affirmed the April 2, 2018 Opinion and subsequent

1

Order.  This Court then set deadlines for additional pleadings addressing the remaining issues.  In the interim, the District Court issued an Order Denying Motion for Sanctions.  Pertinent portions of this Order state:

> This action involved an appeal of the bankruptcy court's decision to impose sanctions under 28 U.S.C. § 1927.  On January 11, 2019, the Court affirmed the bankruptcy court's decision to sanction Appellant Keith M. Anderson [sic]. (ECF Nos. 9 and 10).
> Now, Appellee Timothy J. Fife has filed a "motion for sanctions pursuant to Fed. R. Bankr. Pro. 8020, 28 U.S.C. 1927, and this Court's inherent authority." (ECF No. 11).  Fife argues that Nathanson's appeal was frivolous, taken in bad faith, and unreasonably multiplied these proceedings.
>
> . . .
>
> The Court finds that sanctions are not appropriate under any of the cited authorities.  A bankruptcy appeal is frivolous if "the result is obvious or when the appellant's argument is wholly without merit."  *IN re Smyth*, 470 B.R. 459, 462 (B.A.P. 6th Cir. 2012).  While the Court disagreed with Nathanson's arguments on appeal, the arguments were not frivolous.  Further, the Court concludes that Nathanson did not take this appeal for wholly improper purposes or out of bad faith.
> Accordingly, Fife's motion for sanctions is DENIED.

For sake of brevity, this Court incorporates the Findings of Fact previously made by this Court and the District Court.

B.     Subsequent Facts

Additional pleadings filed with the Court caused this Court to hold a telephonic status conference to determine if an evidentiary hearing was necessary to address additional issues not raised earlier.  On July 9, 2019, the Defendant filed a pleading indicating that no further hearings were necessary, and that the Court could decide the matter after reviewing the pleadings.  Accordingly, the Court will not address the subsequent issues raised in the later pleadings.

Defendant's counsel submitted a statement of services that reports 60.3 hours of attorney time and 6.5 hours of law clerk time.  The Plaintiff has objected, in one form or the other, to all of these entries.

2

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Authority

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

## Analysis

Again, for the sake of brevity, the Court incorporates the previous Opinions and Orders of this Court and the District Court which analyzed these issues. There remains two issues: the appropriate hourly rate and the time spent by Defendant's counsel. The Court addresses each as follows:

A.      The Appropriate Hourly Rate

When this proceeding started, Defendant's counsel had approximately seven years of commercial and bankruptcy litigation experience and was recognized as a Michigan Super Lawyers Rising Star. His current standard hourly rate ranges from $195.00 to $225.00, but he agreed to discount his hourly rate to $175.00 and then two months later, to $160.00, for the Defendant.

In contrast, the Economics of Law Practice Survey published by the State Bar of Michigan reports a range of $200.00 to $317.00 per hour for attorneys in Livingston County, where Defendant's counsel is based, with a greater range of $200.00 to $510.00 for Michigan bankruptcy practioners. In comparison, Plaintiff's counsel charges $300.00 per hour.

3

The Court starts with the language of Section 1927, which states that the excess costs, expenses, and attorneys' fees must be "reasonably incurred". Here, while Defendant's counsel could have charged up to $225.00 per hour, he agreed to accept $160.00 per hour and charged the Defendant accordingly. The Defendant therefore incurred attorney fees at the rate of $160.00 per hour, so Section 1927 directs this Court to use that rate.[1]

The Defendant makes excellent arguments that Plaintiff's counsel should not benefit from any discounted rate and that utilization of a higher rate enforces the deterrence and punishment element of Section 1927. While true, the statute simply awards fees, costs and expenses "reasonably incurred", not potentially incurred or possibly charged. Absent clear statutory language, this Court declines to expand the actual words used by Congress.

B.      The Services and Hours Expended by Defendant's Counsel

Defendant's counsel detailed his services with 74 entries and Plaintiff's counsel has filed 25 objections to these entries. Plaintiff's counsel has two overriding objections: 1) many entries are services with lumped items and 2) there are numerous "emails to client" which are unnecessary. Plaintiff's counsel is correct that some entries contain numerous services, but most entries are separated such that the Court can evaluate the nature of the services and the time expended on each service. Where the Court cannot make this determination, the Court notes that failure and disallows the requested fees. As to the emails to client entries, the Court encourages communications between an attorney and client and will not penalize Defendant's counsel for these communications. If the communications are unwarranted, however, the Court will note that fact and disallow the requested fees.

---

[1]  Although dicta, this Court does find that if another hourly rate other than the actual hourly rate is to be applied, the experience of Defendant's counsel, his actual hourly rate, and the State of Michigan survey compel this Court to conclude that the market rate for services should be $225.00 per hour.

4

After stating these general guidelines, the Court addresses the entries of Defendant's counsel and the objections of Plaintiff's counsel in chronological order. To do so, the Court reproduces Defendant's counsel's entries, the objections of Plaintiff's counsel, and the Court's analysis and ruling:

a. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 08/01/2017 | 4 | 160.00 | .20 | 32.00 | Review response to motion to dismiss. |
| 08/02/2017 | 4 | 160.00 | .20 | 32.00 | Review notice of hearings; review procedure for appearance by telephone for hearing; e-mail correspondence with Tim re: response. |

<u>Plaintiff's Objection</u>

8/1/2017, 8/2/2017 - .40 hours billed for emails to his Client and for "reviewing procedure for appearing by telephone". This should be reduced to not more than .20 hours as excessive and unnecessary.

<u>Court's Analysis</u>

The entries are sufficiently separated to allow the Court to conclude that .40 hours were devoted by counsel spending .20 hours on email correspondence and .20 hours reviewing a notice and the procedure to appear by telephone. The Court overrules the objection and allows the fees.

b. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 08/04/2017 | 4 | 160.00 | .50 | 80.00 | Review response to summary judgment in great detailer [sic]; e-mail correspondence with Tim re: same. |

<u>Plaintiff's Objection</u>

8/4/2017 - .5 hours billed for re-review of Trustee's response when same had been billed on 8/1/2017. Same was unnecessary and excessive. This should be reduced to not more than .2 hours for the email to his Client and was not necessitated by Mr. Nathanson.

<u>Court's Analysis</u>

The Court notes the August 1 entry included a response to review of a motion to dismiss and the August 4 entry refers to a response to a motion for summary judgment which totaled 60 pages with exhibits. This amount is not excessive. The Court overrules the objection and allows the fees.

c. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 08/11/2017 | 4 | 160.00 | 4.80 | 768.00 | Legal research re: trustee's 'title' argument; draft reply brief to trustee's response brief; proofread and finalize. |
| 08/14/2017 | 4 | 160.00 | .10 | 16.00 | Review and revise COS and accompanying documents prepared by MR; e-mail correspondence with Tim re: reply. |

<u>Plaintiff's Objection</u>

8/11/2017 & 8/14/2017 – 4.9 hours billed for "research" of one issue raised by Plaintiff and preparation of a 7 page response in which most of the argument was repetition from Defendant's original motion. Defendant's Counsel spent less than one page discussing the "title" issue referenced, and a "form" certificate of service. At least 3.4 hours of these billing is excessive and should be reduced to not more than 1.0 hours.

<u>Court's Analysis</u>

These services include analyzing and responding to the motion described in section (b). The issues raised in the motion were sufficiently complex to warrant this amount of time. The Court overrules the objection and allows the fees.

d. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 08/15/2017 | 4 | 160.00 | .40 | 64.00 | Telephone conference with Wendy Erickson re: telephonic appearance; e-mail correspondence with Keith Nathanson re: stipulation to appear telephonically; review and revise stipulation. |

6

| 08/15/2017 | 4 | 160.00 | .10 | 16.00 | Review affidavit filed by Keith Nathanson. |

Plaintiff's Objection

8/15/2017 - .4 billed for a telephone conference for permission to appear telephonically and a "stipulation and order". This Court traditionally has allowed Counsel to appear telephonically by merely requesting same via a phone call and as such, same was not necessary. This should be reduced to not more than .2 hours.

Court's Analysis

Plaintiff's counsel is correct that this Court routinely allows telephonic appearances if arranged by contacting the courtroom deputy. The Court partially sustains the objection, disallows .30 hours but allows .20 hours.

e. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 08/16/2017 | 4 | 160.00 | .40 | 64.00 | E-mail correspondence with Tim re: status; legal research re: self-serving affidavit filed by opposing counsel. |
| 08/17/2017 | 4 | 160.00 | 1.90 | 304.00 | Legal research re: delay in filing for motion to amend; prepare for oral argument; e-mail correspondence with Keith Nathanson denying consent for amendment. |
| 08/18/2017 | 4 | 160.00 | 4.20 | 672.00 | Review pleadings and prepare for oral argument; review motion to amend filed by Keith Nathanson and e-mail correspondence with Nathanson re: same; attend telephonic oral argument; email correspondences with Tim re: status and outcome (x2). |
| 08/21/2017 | 4 | 160.00 | 1.70 | 272.00 | Legal research re: prejudice standard for denying leave to amend; drafting response to motion. |
| 08/28/2017 | 4 | 160.00 | 1.50 | 240.00 | Finalize response to motion to amend; review COS drafted by MR and file same. |

7

Plaintiff's Objection

8/16/2017, 8/17/2017, 8/18/2017, 8/21/2017, 8/28/2017 – 9.7 hours billed for research regarding Mr. Nathanson's so-called "self-serving affidavit" and motion to amend and preparing a 3 ½ page response (inclusive of captions and signature) and arguing the motion for summary judgment before the Court (the entire argument was approximately 40 minutes. These billings are excessive including 4.2 hours to prepare for and argue a motion with arguments lasting 40 minutes (for both sides). This should be reduced to not more than 1 hours.

Court's Analysis

The numerous and interconnected issues raised by the parties required thoughtful preparation and oral argument.  Oral argument was excellent and helpful to the Court.  The time spent does not appear excessive under these circumstances.  The Court overrules the objection and allows the fees.

f. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 10/31/2017 | 4 | 160.00 | 2.20 | 352.00 | Review decisions by Judge Opperman re: motions for sanctions; legal research re: motion for sanctions; draft motion for sanctions. |
| 11/14/2017 | 4 | 160.00 | .10 | 16.00 | Telephone conference with Judge's secretary re: status of opinion; e-mail correspondence with Tim re: same. |
| 11/27/2017 | 4 | 160.00 | .20 | 32.00 | Review option granting motion for summary judgment; e-mail correspondence with Tim re: same. |
| 11/28/2017 | 4 | 160.00 | 2.60 | 416.00 | Drafting legal argument for sanctions brief. |
| 11/30/2017 | 4 | 160.00 | .20 | 32.00 | Review order granting summary judgment; e-mail correspondence with Tim re: order. |
| 12/08/2017 | 4 | 160.00 | .10 | 16.00 | E-mail correspondence with Tim re: motion for sanctions. |

8

| 12/11/2017 | 4 | 160.00 | .70 | 112.00 | Revise motion for sanctions; e-mail correspondence with Tim re: motion for sanctions. |
|---|---|---|---|---|---|
| 12/12/2017 | 4 | 160.00 | .90 | 144.00 | Revise Motion for Sanctions and prepare supporting documents; e-mail correspondence with Tim re: same (x3); finalize Motion for Sanctions. |
| 12/15/2017 | 4 | 160.00 | .30 | 48.00 | Finalize exhibits to motion for sanctions. |

Plaintiff's Objection

10/31/2017, 11/28/2017, 12/08/2017, 12/11/2017, 12/12/2017, 12/15/2017 – 6.8 hours billed for 'research', review of opinions, and drafting a motion for sanctions, "revising exhibits", and repeated emails to the Client regarding same. Curiously, Defendant's Counsel performed research on the sanctions motion almost a month before this Court entered its opinion on summary judgment on November 27, 2017. Review of this Court's 'recent decisions' was also superfluous. The motion itself contained 8 pages of a "statement of facts" and 4 pages of legal argument. Counsel also billed an additional .2 hours for revising the same order on 11/30/2017 that he 'reviewed' two days earlier, and .3 hours to "finalize exhibits" which were exhibits from the instant action and emails. Further, Mr. Marvin also bills for emails to the Client each and every time he revises the motion. Counsel claims to have spent 2.1 hours emailing his Client, revising a motion he previously wrote, "finalizing exhibits"; more superfluous excessive billing. This billing is excessive and should be reduced to not more than 1.0 hours;

Court's Analysis

These series of entries detail the efforts of Defendant's counsel anticipating and reacting to this Court's granting Defendant's Motion for Summary Judgment. While the observation that Defendant's counsel began working on a motion for sanctions before this Court's opinion is correct, such an action was not unexpected given the development of this case, especially after

9

August 1. The Court agrees that excessive time was devoted to attention to exhibits, so the Court partially sustains Plaintiff's counsel's objection and will disallow .30 hours and allow the remainder.

g. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 12/19/2017 | 4 | 160.00 | .10 | 16.00 | E-mail correspondence with Tim re: next course of action. |

Plaintiff's Objection

12/19/2017; .10 hours -- another email with his Client about the "next Course of action" – should be disallowed.

Court's Analysis

The Court encourages attorney-client communications and .10 hours is not excessive. The Court overrules the objection and allows the fees.

h. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 12/28/2017 | 4 | 160.00 | .50 | 80.00 | E-mail correspondence with Keith Nathanson re: motion for sanctions and response due date; review Trustee's Motion for Time Extension. |
| 12/28/2017 | 4 | 160.00 | .30 | 48.00 | Review order on Trustee's motion to extend time to answer; review Trustee's proposed Rule 11 motion for sanctions served on me. |

Plaintiff's Objection

12/28/2017 - .80 hours – Part of this time was to review a safe harbor notice sent to Mr. Marvin. This was caused by Mr. Marvin filing the motion for sanctions, not by Mr. Nathanson. This should be reduced to .1 for 'review' of the order to extend time, reviewing a safe harbor notice and the motion to extend time is excessive at .3 hours;

<u>Court's Analysis</u>

These entries are appropriate and the time is not excessive.  The Court overrules the objection and allows the fees.

i. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 01/03/2018 | 4 | 160.00 | .70 | 112.00 | Confirm legal position asserted in Trustee's proposed sanctions motion; legal research re: concurrence on a motion for sanctions; e-mail correspondence with Tim re: update of sanctions motion and Nathanson counter-motion. |

<u>Plaintiff's Objection</u>

1/3/2018; .70 hours to "confirm" a legal position, and for "research" on a motion an yet more email with his client, this should be reduced to not more than .20 hours

<u>Court's Analysis</u>

The Court generally allows .20 hours for communication with a client, which leaves .50 hours for the confirmation and legal research entries, which is not excessive.  The Court overrules the objection and allows the fees.

j. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 01/19/2018 | 4 | 160.00 | .30 | 48.00 | E-mail correspondence with Tim re: status; e-mail correspondence with Tim re: motion response from Keith Nathanson; brief review of motion and docket for competing sanctions request. |
| 01/22/2018 | 4 | 160.00 | .40 | 64.00 | Review response to motion to sanctions; e-mail correspondence with Tim re: same (x3). |
| 01/26/2018 | 4 | 160.00 | .50 | 80.00 | Draft reply brief to Plaintiff's response to sanctions motion. |
| 01/29/2018 | 4 | 160.00 | 2.00 | 320.00 | Legal research re: Jensen case; draft reply brief; e-mail correspondence with Tim re: same. |

11

| | | | | | |
|---|---|---|---|---|---|
| 01/30/2018 | 4 | 160.00 | 2.50 | 400.00 | Drafting reply brief; review additional cases cited by Plaintiff. |
| 01/31/2018 | 4 | 160.00 | .10 | 16.00 | Review and revise proof of service. |

Plaintiff's Objection

1/19/2018, 1/22/2018, 1/26/2018, 1/29/2018, 1/30/2018, 1/31/2018 – 5.8 hours claimed for more "research" and "emails", including what Mr. Marvin claims 5.4 hours in drafting a short reply brief. This should be reduced to not more than 1 hour;

Court's Analysis

The Court reviewed the docket of this proceeding to place these entries in context. Plaintiff's counsel filed a 16-page answer, brief and attached affidavit and Defendant's counsel prepared and filed a 7-page response, addressing numerous issues and cases raised by Plaintiff's counsel. Along with the communication with Defendant, these entries are appropriate and not excessive. The Court overrules the objection and allows the fees.

k. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 02/06/2018 | 4 | 160.00 | .20 | 32.00 | Telephone conference with Judge's clerk re: appearance by phone; email correspondence with K. Nathanson re: option to appear by phone. |
| 02/08/2018 | 4 | 160.00 | 2.80 | 448.00 | Prepare for motion hearing; attend motion hearing; e-mail correspondence with Tim re: same. |

Plaintiff's Objection

2/6/2018, 2/8/2018 – 3.0 hours – Claimed for "preparation" for the motion hearing, and a phone call. The Court will note the hearing lasted approximately 20 minutes, yet Counsel claims to spent almost half a day preparing for it and advanced no new arguments at the hearing – this should be reduced to not more than 1.5 hours;

## Court's Analysis

The Court agrees the time spent to prepare for the telephonic hearing is excessive but notes the Court's docket indicates the hearing was almost .50 hours. The Court reduces the time allowed by 1.0 hour but allows 2.0 hours.

### l. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 04/02/2018 | 4 | 160.00 | 1.10 | 176.00 | Review Opinion and Order from Court re: sanctions; review client ledger from 8/1 to present; multiple email correspondence w/Tim re: opinion and procedure moving forward. |
| 04/03/2018 | 4 | 160.00 | 1.90 | 304.00 | Email correspondence w/Tim re: procedure going forward; email correspondence w/Tim re: economics of law survey and elements of establishing reasonable attorney fees; review and edit time entries for applicability to adversary proceeding; email correspondence w/Tim re: meaning of "excess costs"; legal research re: local rules; review and revise presentment of order and proposed order; e email correspondence w/Tim re: proposed order. |
| 04/09/2018 | 4 | 160.00 | .80 | 128.00 | Legal research re: federal factors going to reasonable attorney fees. |

## Plaintiff's Objection

4/2/2018, 4/3/2018, 4/9/2018 – 3.8 hours – Counsel again has to review his own billing ledger and claims 1.1 hours to read the Court' short opinion and repeatedly email his Client, further research (again) into an appropriate billing "rate" which is irrelevant in a §1927 motion –these entries should be reduced to not more than an .5 hour;

## Court's Analysis

Again, the entries to review the Court's Opinion and communication with Defendant are not excessive. While the Court did not agree with Defendant's counsel's arguments about reliance on

13

the State Bar of Michigan Survey, these services were appropriate. The Court overrules the objection and allows the fees.

m. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 04/12/2018 | 4 | 160.00 | 1.70 | 272.00 | Drafting Statement of Fees and Costs Pursuant to Court's Order; review court filing for rates charged by K. Nathanson pursuant to application for compensation; email correspondence w/Tim re: draft pleading. |
| 04/30/2018 | 4 | 160.00 | .50 | 80.00 | Review, revise, and finalize, Statement for Fees and Costs. |

Plaintiff's Objection

4/12/2018 & 4/30/2018 – 2.2 hours to draft the "Statement of Fees and Costs". The Court did not require a brief and a brief was not necessary. Further, the §1927 award for not for a "reasonable attorney fee", and all the preparation of this was unnecessary, as was the accompanying brief and 'supporting documents'. Additionally, review of Mr. Nathanson's rates and his fee application have no bearing upon this matter, as Mr. Nathanson was appointed as Counsel for Trustee with an hourly rate previously approved by this Court. All that was necessary was for Mr. Marvin to comply with this Court's order was to print his invoices or client ledger to his Client and attach same and file same with the Court. This should be reduced to not more than .3 hours, based upon the unnecessary work;

Court's Analysis

The Court disagrees that services were not required to determine the amount of a "reasonable" fee. Likewise, the Court disagrees that all Defendant's counsel had to do was print his invoices or client ledger and file those papers with the Court. The Court overrules the objection and allows the fees.

n. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 04/13/2018 | 4 | 160.00 | .20 | 32.00 | Review objections to proposed order; email correspondence w/Tim re: same. |

<u>Plaintiff's Objection</u>

4/13/2018 - .2 hours to review objections to proposed order. The objections were filed as the order submitted by Mr. Marvin was not in compliance with the Court's Opinion and Ruling, ergo, not caused by Mr. Nathanson. This should be disallowed. The following time entries are for periods not compensable per this Court's orders, but the following specific objections are also included:

<u>Court's Analysis</u>

The review of the objection to the proposed order was necessary and as a result an agreed order was entered. The Court overrules the objection and allows the fees.

o. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 05/10/2018 | 4 | 160.00 | .90 | 144.00 | E-mail correspondence with K. Nathanson; e-mail correspondence with Tim re: same and request attorney fees (x2); review 2004 transcript; e-mail correspondence with Shanna Kaminski re: using transcript. |
| 05/11/2018 | 4 | 160.00 | .50 | 80.00 | Review billing and bill of costs; e-mail correspondence with Tim re: time calculations, response to Nathanson and motion for sanctions; follow up with Shanna Kaminski re: same. |
| 05/15/2018 | 4 | 160.00 | .30 | 48.00 | E-mail correspondence with Keith Nathanson re: settlement offer and transcript; review e-mail correspondence with K. Nathanson re: transcript and settlement; e-mail correspondence with Shanna Kaminski re: same; e-mail correspondence with Tim re: same. |
| 05/16/2018 | 4 | 160.00 | .20 | 32.00 | E-mail correspondence with Shanna Kaminski re: transcript; e-mail |

15

| | | | | | correspondence with Tim re: settlement offer and status. |
|---|---|---|---|---|---|
| 05/17/2018 | 4 | 160.00 | .20 | 32.00 | E-mail correspondence with Shanna Kaminski re: redaction of transcript. |

Plaintiff's Objection

5/10/2018-5/17/2018 – 2.1 hours – Unnecessary time spent "reviewing his time with his Client" (Presumably, Fife would have been billed and fully aware what was billed to him on those dates, and further, Fife is not the arbiter of what fees and costs the Court will grant); time spent reviewing unrelated issues with an attorney who is not part of this matter; and more emails with his Client. Totally unrelated, unreasonable, unnecessary and excessive.

Court's Analysis

The Court agrees that services related to communication with another attorney who represented another Defendant in another adversary proceeding was not necessary to this proceeding. The Court reduces the time allowed by .20 hours for each of the May 10, May 11, May 15, May 16, and May 17 entries to reduce the allowed hours by 1.0 hour but will allow the remainder.

p. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 05/24/2018 | 3 | 100.00 | 2.00 | 200.00 | Research frivolous claims and resulting attorney's fees. |
| 05/24/2018 | 3 | 100.00 | 1.50 | 150.00 | Review case file for dates and contractions to 2004 Transcript. |

Plaintiff's Objection

5/24/2018 –- 3.5 hours – Research frivolous claims and attorney fees and review the 2004 exam.

Unreasonable, excessive, and totally unrelated to this Court's order to submit a fee statement.

<u>Court's Analysis</u>

The Court notes that the fees for these services were billed at the law clerk's hourly rate. The 2.0

hours is appropriate as it relates to claims in this action, but the second entry of 1.50 hours is not,

so the Court allows 2.0 hours or $200.00, and disallows 1.5 hours or $150.00.

q. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 05/25/2018 | 4 | 160.00 | 2.00 | 320.00 | Review K. Nathanson's response to bill of costs and challenged entries; draft reply and factual content related to 2004 Exam. |
| 05/28/2018 | 4 | 160.00 | 3.50 | 560.00 | Draft reply to objection to bill of costs; review file and e-mail re: file left at K. Nathanson's office. |
| 05/29/2018 | 4 | 160.00 | .50 | 80.00 | Proofread, revise and finalize reply to K. Nathanson's response to bill of costs. |

<u>Plaintiff's Objection</u>

5/25/2018 – 5/29/2018 – 6.00 hours to read Nathanson's response draft yet another brief on costs.

Unnecessary and excessive, as the Court ordered Mr. Marvin to submit a fee statement, not an 89-

page brief.

<u>Court's Analysis</u>

These services are related to the review and response by Defendant's counsel to Plaintiff's

counsel's pleadings and total 6.0 hours, which Plaintiff's counsel finds excessive. The Court does

not agree, given the volume of issues and cases raised by Plaintiff's counsel, as well as the Court's

own time spent analyzing Plaintiff's counsel's response. The Court overrules the objection and

allows the fees.

r. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 05/30/2018 | 4 | 160.00 | .70 | 112.00 | Legal research re: ethics rules; draft demand letter to Keith Nathanson re: retention of file |

<u>Plaintiff's Objection</u>

5/30/2018-- .70 hours – research of ethics rules. Completely unrelated to the matter at bar, and no relation to a statement of fees and costs.

<u>Court's Analysis</u>

The Court agrees with Plaintiff's counsel's objection and disallows these fees.

s. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|------------|------|------|-------|--------|---------|
| 05/30/2018 | 4 | 160.00 | .50 | 80.00 | Detailed e-mail correspondence with Tim re: status of case; follow up e-mail correspondence with Tim re: Keith's actions. |
| 05/31/2018 | 4 | 160.00 | .10 | 16.00 | Review fax from Keith Nathanson. |
| 06/06/2018 | 4 | 160.00 | .30 | 48.00 | Review response letter from Keith Nathanson; e-mail correspondence with K. Nathanson re: explanation for knowledge of information in file. |
| 06/07/2018 | 4 | 160.00 | .60 | 96.00 | Review message from state Bar Ethics service; review ethics opinion cited by Staff Attorney; e-mail correspondence with K. Nathanson re: file pickup; e-mail correspondence with Tim re: status. |
| 06/08/2018 | 4 | 160.00 | .50 | 80.00 | Pick up file; document evidence of file being reviewed by K. Nathanson. |
| 06/11/2018 | 3 | 100.00 | 3.00 | 300.00 | Research re: Ethics Opinion on issue. |
| 07/11/2018 | 4 | 160.00 | .10 | 16.00 | E-mail correspondence with Tim re: status update. |
| 07/27/2018 | 4 | 160.00 | .10 | 16.00 | E-mail correspondence with Tim re: follow up with Court. |
| 08/20/2018 | 4 | 160.00 | .30 | 48.00 | Review transcript from sanctions hearing provided by transcriptionist. |

<u>Plaintiff's Objection</u>

5/30/2018 – 8/20/2018 –5.5 hours –of time for Mr. Marvin leaving the file in Mr. Nathanson's office for nearly a year. Unreasonable, the allegation that Mr. Nathanson read the file is untrue, and not caused by Mr. Nathanson.

<u>Court's Analysis</u>

The Court partially sustains Plaintiff's counsel's objection but excepts entries where Defendant's counsel communicated with Defendant. The Court allows time entries for July 11 and July 27 totaling .20 hours but disallows the remainder.

t. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 01/21/2019 | 4 | 160.00 | .10 | 16.00 | Follow up with Judge Opperman's chambers re: procedure for gaining decision on amount of sanctions. |
| 01/31/2019 | 4 | 160.00 | .20 | 32.00 | E-mail correspondence with Tim re: status; follow up with Court re: decision status. |
| 02/01/2019 | 4 | 160.00 | .10 | 16.00 | Telephone conference with clerk at bankruptcy court re: reopening case. |
| 02/13/2019 | 4 | 160.00 | 1.80 | 288.00 | Legal research and Drafting ex parte motions to reopen case and waive fee. |
| 02/14/2019 | 4 | 160.00 | 1.50 | 240.00 | Review procedural requirements on Bankruptcy Court website; finalization of Ex Parte Motions and attend to filing same. |
| 02/14/2019 | 4 | 160.00 | .60 | 96.00 | Review and revise brief and order drafted by MR. |
| 02/16/2019 | 4 | 160.00 | .10 | 16.00 | Review order reopening bankruptcy case and adversary proceeding; email correspondence re: same. |
| 02/20/2019 | 4 | 160.00 | .10 | 16.00 | E-mail correspondence w/client re: order reopening case. |

<u>Plaintiff's Objection</u>

1/21/19-2/20/2019 4.5 hours total to re-open the case. Mr. Nathanson did not cause the case to be closed. Mr. Marvin could have requested a determination of the fees/costs as there was no stay on appeal. Furthermore, Mr. Marvin should have emailed the clerk to correct the error of the case being closed with a motion pending. If not resolved then, a follow up phone call should have sufficed. The undersigned, if a motion is even necessary, bills no more than .5 for a motion to reopen the case.

<u>Court's Analysis</u>

While Plaintiff's counsel is correct that he did not close this proceeding, it was closed while the appeal was pending. The proceeding needed to be reopened and could have been reopened earlier, but it took longer than expected. The Court allows 2.5 hours but disallows 2.0 hours.

u. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 03/01/2019 | 4 | 160.00 | .30 | 48.00 | Correspondence w/client re: status of bankruptcy case and next steps. |
| 03/11/2019 | 4 | 160.00 | .20 | 32.00 | Review order re: statement of fees and costs from Bankruptcy Court; email correspondence w/Tim re: same. |

<u>Plaintiff's Objection</u>

3/1/2019 & 3/11/2019 –.50 hours to review the order and talk to his client. This, along with the other entries clearly show Mr. Marvin is simply billing the file for absolutely unnecessary work to artificially inflate his fees.

<u>Court's Analysis</u>

The Court encourages attorney client communications, so this objection is overruled and the fees are allowed.

v. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 03/20/2019 | 4 | 160.00 | 1.30 | 208.00 | Update and revise statement of bill of costs. |

<u>Plaintiff's Objection</u>

3/20/2019 – another 1.3 hours billed to "update" his bill of costs that should come right off Mr.,

Marvin's billing records system (totals 2.8 hours or almost half a day including 3/25 entry). This

should have been as simple as printing out billing records.

<u>Court's Analysis</u>

The Court sustains the objection in part and allows .50 hours and disallows the remainder.

w. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 03/25/2019 | 4 | 160.00 | 1.50 | 240.00 | Drafting Attorney Fee Bill of Costs; review objections filed by Nathanson; email correspondence w/Tim re: review of same. |

<u>Plaintiff's Objection</u>

3/25/2019– 1.5 to draft his bill of costs, duplicate of unnecessary and unreasonable time entry

(totals 2.8 hours or almost half a day including 3/20 entry) for what should have been a computer

printout or copies of the invoices sent to his Client.

<u>Court's Analysis</u>

The Court allows .20 hours for communication with Defendant but disallows the remainder as

duplicative.

x. <u>Defendant's Entry</u>

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 03/28/2019 | 4 | 160.00 | .40 | 64.00 | Revise and update attorney fees and bill of costs; update itemized invoice; Email correspondence w/Tim re: finalization of bill of costs and review of same. |

| | | | | | |
|---|---|---|---|---|---|
| 03/29/2019 | 4 | 160.00 | .40 | 64.00 | Review comments by Tim and review file for answers; Email correspondence w/Tim re: comments on response and bill of costs. |

Plaintiff's Objection

3/28-3/29 .80 hours to further "revise" the fees and to have his Fife direct Mr. Marvin on how to revise his billings.

Court's Analysis

The Court allows .20 hours for communication with Defendant but disallows the remainder as duplicative.

y. Defendant's Entry

| Trans Date | Tmkr | Rate | Hours | Amount | Details |
|---|---|---|---|---|---|
| 04/01/2019 | 4 | 160.00 | .50 | 80.00 | Assemble exhibits and finalize attorney fees and bill of costs; email correspondence w/client re: same. |

Plaintiff's Objection

4/1/2019 – .50 to "finalize and email his client" – unreasonable and not necessary. There is no need to "finalize" when Mr. Marvin was ordered merely to submit a statement of fees and costs, not an 86-page brief.

Court's Analysis

The Court allows .20 hours for communication with Defendant but disallows the remainder as duplicative.

Costs

Additionally, Defendant's counsel has requested costs of $73.52 consisting of postage of $17.17, $52.00 PACER charges and $4.35 for transcripts. These costs are reasonable and incurred by Defendant, so the Court awards $73.52 in costs as well.

<u>Conclusion</u>

Defendant reasonably incurred $7,952.00 in attorney fees consisting of 49.7 hours x $160.00 per hour and an additional $200.00 consisting of 2.0 hours x $100.00 per hour, as well as costs of $73.52. Defendant is entitled to an order assessing these amounts against Plaintiff's counsel as required by 28 U.S.C. § 1927. Counsel for the Defendant is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on September 05, 2019**

/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge